**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS SOTO-PLATA, MARIA TERESA SOTO and NAYELI SOTO-PINEDA<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70487<br><br>Agency Nos. A095-179-779,<br>A095-179-780,<br>A095-179-781<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Juan Carlos Soto-Plata ("Juan"), Maria Teresa Soto ("Maria"), and Nayeli

Soto-Pineda ("Nayeli") (collectively the "Soto-Platas") are natives and citizens of

Mexico who seek to reopen their applications for cancellation of removal, asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). On the advice of Julio Cortez ("Cortez"), whom they falsely believed to be an attorney, the Soto-Platas withdrew their asylum application and applied for cancellation of removal shortly after being placed in removal proceedings. The immigration judge ("IJ") found each of them statutorily ineligible, and the Board of Immigration Appeals ("BIA") affirmed. Several years later, the Soto-Platas filed motions to reconsider and then to reopen. The BIA denied both as untimely. We deny the Soto-Platas' petition as to their cancellation of removal and CAT claims and dismiss the petition as to their asylum and withholding of removal claims.

The facts are known to the parties. We do not repeat them.

Our jurisdiction is governed by 8 U.S.C. § 1252. We lack jurisdiction to review claims that were not presented to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Although the petition for review argues that the Soto-Platas are eligible for asylum and withholding of removal, neither the motion to reopen nor the Soto-Platas' brief in support of that motion addressed these claims. We therefore dismiss the petition with respect to the asylum and withholding of removal claims.

2

We review the BIA's refusal to grant the motion to reopen the Soto-Platas'

claims for cancellation of removal and CAT relief for abuse of discretion. *INS v.*

*Doherty*, 502 U.S. 314, 323 (1992) (stating that motions to reopen are disfavored).

We review the BIA's legal determinations de novo and its factual determinations

for substantial evidence. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996).

An immigrant who wishes to introduce new evidence affecting his case

"may file one motion to reopen proceedings," and that motion must be filed

"within 90 days of the date of entry of a final administrative order of removal." 8

U.S.C. §§ 1229a(c)(7)(A) & (C)(i). The Soto-Platas do not dispute that they filed

their motion to reopen almost four years late.

Though we regret that the Soto-Platas feel taken advantage of by Cortez, the

BIA did not abuse its discretion by refusing to toll the statute of limitations for

their cancellation of removal claims based upon ineffective assistance of counsel.

Nothing Cortez did before the issuance of the Notice to Appear can form the basis

of an ineffective assistance of counsel claim, even if the Soto-Platas would not

have come to the attention of immigration authorities but for their reliance on

Cortez's advice. *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir.

2008) (citing *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973-76 (9th Cir. 2004)).

3

Nothing Cortez did after the Notice to Appear prejudiced the Soto-Platas because they were statutorily ineligible for cancellation of removal. Nayeli had no qualifying relative because she was a single woman with no children. 8 U.S.C. § 1229b(b)(1)(D).

Maria did not meet the continuous physical residency requirement. *Id.*§ 1229b(b)(1)(A). Because Maria has never been convicted of a crime, the 10-year period is measured backward from when she was served with a Notice to Appear (January 31, 2002). *Id.* § 1229b(d)(1). An immigrant who leaves the United States for "any period in excess of 90 days or for any periods in the aggregate exceeding 180 days" has not maintained continuous physical presence. *Id.* § 1229b(d)(2). Maria testified that she lived in Mexico for approximately two years between "some time in 1995" to November 1997.

Because Juan helped Maria and Nayeli illegally reenter the United States in 1997, he cannot show the necessary good moral character. *Id.* § 1229b(b)(1)(B). Good moral character encompasses more than just the lack of a criminal record. Specifically, an immigrant cannot show good moral character if he "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to [illegally] enter . . . the United States." 8 U.S.C. § 1182(a)(6)(E). Unfortunately for Juan, the limited exception for aliens who smuggle their own family members does not

4

apply to cancellation of removal applications. *Sanchez v. Holder*, 560 F.3d 1028, 1033-34 (9th Cir. 2009) (en banc).

The BIA also did not abuse its discretion in refusing to reopen the Soto-Platas' CAT claims based on changed country conditions. "There is no time limit on the filing of a motion to reopen . . . based on changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i) (applying changed country conditions exception to CAT claims). "The motion to reopen shall state the new facts that will be proven at a hearing . . . and shall be supported by affidavits or other evidentiary material." *Id.* § 1229(a)(c)(7)(B). If that information does not establish prima facie eligibility for the relief requested, however, the BIA does not abuse its discretion by denying a motion to reopen. *Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir. 1999). "[G]eneralized evidence of violence and crime in Mexico [that] is not particular to Petitioners . . . is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Because that is all the Soto-Platas produced, the BIA properly refused to reopen this claim.

DISMISSED in part and DENIED in part.